UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN A. CLARK,

      Plaintiff,

-v-

STUDENT LOAN FINANCE CORP. and
UNITED STATES DEPARTMENT OF
EDUCATION,

      Defendants.

18-CV-9354 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Sean A. Clark brings this lawsuit *pro se* against Defendant Student Loan Finance Corporation ("SLFC") and Defendant United States Department of Education ("DOE") (collectively "Defendants") in connection with Defendants' attempts to collect on Plaintiff's student loan debt. Clark alleges that Defendants' actions violate (1) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et sec. (the "ADA"); (2) the Fourteenth Amendment to the United States Constitution; (3) the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171 ("ICCPR"); and (4) the Identify Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028 ("Section 1028"). (Dkt. No. 4 at 2, 5-6.)

  Defendants have separately moved to dismiss Plaintiff's amended complaint. (Dkt. Nos. 13, 39.) For the reasons that follow, Defendants' motions to dismiss are granted. Plaintiff is granted leave to amend his complaint, but only to add any claims under the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A), (E) ("APA") against the DOE. Finally, Plaintiff's motion for discovery is denied as moot in light of the Court's granting of Defendants' motions to dismiss. (Dkt. No. 43.)

1

**I.      Background**

In July 2015, Plaintiff commenced an action against the DOE alleging that DOE was illegally garnishing $26.00 per month of Plaintiff's Social Security disability benefits to satisfy Plaintiff's student loan debt—debt which Plaintiff alleges was taken out in his name without his consent or knowledge. *Clark v. United States Dep't of Ed.*, No. 15-cv-05863 (S.D.N.Y. 2015) ("Prior Action"). Also in July 2015, Plaintiff submitted an application to the DOE seeking a discharge of this debt, claiming that his identity had been stolen. (Dkt. No. 40-1 at 2.)

The DOE initially denied Plaintiff's application for discharge because Plaintiff failed to supply necessary documents. The DOE, however, later admitted that its decision was erroneous because Plaintiff's claim was more accurately interpreted as a claim of common law fraud or forgery, which is subject to a different standard of evaluation than identity theft. Accordingly, the DOE sought remand in the Prior Action, which was granted by the court. (Dkt. No. 40-2 at 5–6; Dkt. No. 40-3.)

Plaintiff instituted this action against SLFC on October 12, 2018. (Dkt. No. 1 ("Compl.".)) Approximately three months later, on January 15, 2019, the DOE issued its administrative decision denying Plaintiff's application for discharge. (Dkt. No. 39-1 at 2.) Plaintiff added the DOE as a Defendant on October 26, 2018, upon filing his amended complaint. (Dkt. No. 4 ("Am. Compl.").)

In the present action, Plaintiff makes allegations that are largely similar to those in the Prior Action. Specifically, Plaintiff alleges that Defendants seek to collect on outstanding student loan debt that he does not owe. (Am. Compl. at 5-6.) Plaintiff asserts that he is not liable for the loans because they were obtained by another person through fraud, as Plaintiff has not attended school outside of community college in 2000 and "a couple of tech courses in 2001." (*Id.*) Plaintiff also alleges that the Social Security Administration paid all his debts in

2

2013. (*Id.*) Defendants now move separately to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant Fed R. Civ. P. 12(b)(1) and (6) respectively. (Dkt Nos. 13, 39.)

## II. Legal Standard

A district court must dismiss a claim for lack of subject matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(b)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence outside the pleadings. *Id.*

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when plaintiffs plead facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Courts "must accept as true all well-pleaded factual allegations in the complaint, and 'draw all inferences in the plaintiff's favor.'" *Goonan v. Fed. Reserve Bank of New York*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013) (quoting *Allaire Corp. v. Okumus,* 433 F.3d 248, 249–50 (2d Cir. 2006)) (brackets omitted).

Finally, courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss or motions for summary judgment. *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotations omitted). Therefore, courts interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citation omitted). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

### III. Discussion

#### A. Subject Matter Jurisdiction

In his amended complaint, Plaintiff asserts that Defendants violated the ICCPR and Section 1028 in seeking debt payments from Plaintiff that Plaintiff allegedly does not owe. (Am. Compl. at 2.) But where "[a] federal statute that does not create or imply a private right of action[,] [it] does not present a federal question pursuant to 28 U.S.C. § 1331 on behalf of private individuals," depriving federal courts of subject matter jurisdiction. *Biran v. JP Morgan Chase & Co.*, No. 02 Civ. 5506, 2002 WL 31040345, at *3 (S.D.N.Y. Sept. 12, 2002) (citing *Merrel Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804 (1986)).

The Second Circuit has held that the "ICCPR does not create a private right of action" because "the United States ratified the treaty subject to the understanding it was not self-executing." *Veiga v. World Meteorological Organisation*, 368 F. App'x 189, 190 (2d Cir. 2010). Section 1028 also does not supply a private right of action because the "statute is criminal in nature." *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004); *Prince v. City of New York*, 2009 WL 2778262, at *1 n.3 (S.D.N.Y. Sept. 2, 2009) (dismissing portions of a complaint that alleged causes of action based on Section 1028 because it is a provision "of the

4

federal criminal code that do[es] not provide any private right of action."). As neither statute provides a private right of action and Plaintiff has not demonstrated that Congress intended to make a private remedy available, *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (holding that the party who seeks to imply a private right of action bears the burden to show that Congress intended to make one available), the Court lacks subject matter jurisdiction and must dismiss Plaintiff's causes of action under the ICCPR and Section 1028 against both Defendants.

### B. Failure to State a Claim

Plaintiff's remaining argument is that Defendants violated his civil rights pursuant to the ADA and the Fourteenth Amendment by attempting to collect on debt obligations that Plaintiff allegedly does not owe. (Am. Compl. at 2; Dkt. No. 22 at 9; Dkt. No. 44 at 4.) The Court considers each claim in turn, liberally construing Plaintiff's amended complaint where necessary to make them applicable to the Defendants. *Erickson*, 551 U.S. at 94.

#### 1. ADA

Plaintiff asserts that Title II of the ADA is violated by Defendants' attempt to collect on his debt. (Dkt. No. 22 at 9; Dkt. No. 44 at 4.) Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to prove a violation, a plaintiff must establish "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 153 (2d Cir. 2013) (citing *Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003)).

5

Plaintiff has not pleaded any facts that plausibly indicate that he was denied the benefits or services of a public entity due to a disability. Plaintiff's argument appears to be that the Social Security Administration paid all of Plaintiff's debt, thereby conferring on him a benefit, which is now being denied by Defendants in their attempts to collect debt that Plaintiff alleges he does not owe. (Dkt. No. 22 at 9.) Plaintiff's argument is unavailing. Here, based on the allegations, Plaintiff did not seek a benefit from Defendants which Defendants denied due to his disability. Defendants' attempting to collect on unpaid debt does not constitute a denial of any previous benefit Plaintiff may have received.

But even if the attempt to collect outstanding debt constitutes a denial of benefits, neither SLFC nor the DOE would be liable under Title II of the ADA because they are not public entities under the statute. The ADA defines a public entity as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(A)-(C). SLFC is a federal loan servicer and the DOE is a federal agency. *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."). Accordingly, Plaintiff's ADA claim must be dismissed as to both Defendants.

A similar result is warranted even if the Court considers the Rehabilitation Act, which provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. Hence, "to establish a violation of the

Rehabilitation Act, Plaintiff must show that he: (1) is an individual with a disability; (2) is otherwise qualified for benefits under the federally funded program; and (3) has been denied those benefits because of his disability." *Mondragon v. Baruch Coll.*, 2018 WL 4689192, at *3 (E.D.N.Y. Sept. 28, 2018). As already discussed, nothing Plaintiff has pleaded or argued has shown that he was denied benefits from a federally funded program because of his disability. Accordingly, his ADA cause of action is dismissed as to both Defendants. *See Atkins v. Cty. of Orange*, 251 F. Supp. 2d 1225, 1232 (S.D.N.Y. 2003) (failure of a plaintiff to adequately allege that the plaintiff was denied benefits is a "fundamental defect that may lead to the dismissal" of ADA and Rehabilitation Act claims) (internal quotations omitted).

### 2. Fourteenth Amendment

Plaintiff argues that his constitutional rights have been violated by the Defendants because he "was deprived of a certain right of not being able to continue [his] education for further advancement" because his outstanding debt makes him "ineligible to receive financial aid." (Dkt. No. 22. at 9.) Plaintiff claims this deprivation is actionable against SLFC under 42 U.S.C. § 1983 (*Id.*), and under the Fourteenth Amendment broadly against the DOE. (Dkt. No. 44 at 9–10). Plaintiff's arguments are unavailing.

At the outset, SLFC, in attempting to collect on Plaintiff's debt, was neither a state actor nor a private party acting under the color of state law. In *Spear v. West Hartford*, the Second Circuit noted that Section 1983 only addresses "injuries caused by state actors or those acting under color of state law[,]" and held that "[a] private defendant may be held liable only as a willful participant in joint activity with the State or its agents." 954 F.2d 63, 68 (2d Cir. 1992) (citation and internal quotations omitted). There is no plausible allegation that SLFC was a willful participant in a joint activity with the State or its agents such that it could be liable under

7

the Fourteenth Amendment via Section 1983. Therefore, Plaintiff's Fourteenth Amendment claim against SLFC must be dismissed.

Second, the allegations do not establish any deprivation of Plaintiff's liberty or property without due process. As the Fourteenth Amendment applies to states and not the federal government, *see Dusenbery v. United States*, 534 U.S. 161, 167 (2002), the Court construes Plaintiff's claim against the DOE as a due process claim under the Fifth Amendment. Plaintiff asserts that the DOE garnished his Social Security disability payments, which constituted his property, without due process. This argument lacks merit.

Under "[t]he Debt Collection Act of 1982 . . . after pursuing the debt collection channels set out in 31 U.S.C. § 3711(a), an agency head can collect an outstanding debt 'by administrative offset,'" *i.e.*, the practice of withholding federal payment in satisfaction of a debt owed to the federal government. *Lockhart v. United States*, 546 U.S. 142, 144 (2005) (citing 31 U.S.C. § 3716(a)). This includes Social Security disability benefits, though the statute exempts $9000 in benefits per year from offset. 31 U.S.C. § 3716(3)(A)(ii). To offset such benefits, the "creditor agency must certify to [the Department of Treasury] that the debt is eligible for collection by offset and that all due process protections have been met." *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008) (citing 31 C.F.R. § 285.5(d)(3)(ii), (d)(6)). In these cases, due process requires (1) written notification; (2) an opportunity to inspect and copy the records of the agency with respect to the debt; (3) an opportunity for review within the creditor agency, including the opportunity to present evidence; and (4) an opportunity to enter into a written repayment agreement with the creditor agency. 31 C.F.R. § 285.5(d)(6)(ii)(A)-(D).

Plaintiff's complaint does not plausibly suggest that he was denied due process. Plaintiff does not allege that he was not provided with adequate written notification of garnishment.

Rather, Plaintiff asserts that a court order was required for the DOE to collect his debt via administrative offset. As already discussed, however, the statutory scheme does not require a creditor agency to receive a court order prior to the administrative offset; it requires only certification to the Department of Treasury that the debt is eligible for collection and all due process protections have been met. *See Johnson*, 300 F. App'x at 862; 31 C.F.R. § 285.5(d)(3)(ii), (d)(6). Here, the allegations establish that Plaintiff was given adequate process. Plaintiff submitted an application to the DOE for discharge of his debt, which was denied after review in 2015, and, after remand in the Prior Action, was re-reviewed and denied again in January 2019. Finally, the DOE ensured that despite the garnishment Plaintiff received $750 per month (Dkt. No. 36 at 5–6), which totals $9000 per year, the amount required to be preserved under the statute, 31 U.S.C. § 3716(3)(A)(ii). Accordingly, Plaintiff's Fifth Amendment claim against the DOE must be dismissed as Plaintiff does not plausibly allege any violation of his due process rights.

### C. Leave to Amend

The Second Circuit has held that "[d]istrict courts should generally not dismiss a pro se complaint without granting the plaintiff leave to amend . . . . However, leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). As Plaintiff filed his amended complaint three months prior to the DOE's final administrative determination regarding Plaintiff's application for discharge, any claims Plaintiff may have had under the APA would not have been ripe at the time he filed the amended complaint. *See generally Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (holding that agency actions are not ripe for review under the APA "until an administrative decision has been formalized and its effects felt in a concrete way . . . ."). And though Plaintiff's opposition to the DOE's motion included his arguments

under the APA (Dkt. No. 44 at 10–11), "[t]he complaint cannot . . . be amended by the briefs in opposition to a motion to dismiss," *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001) (citing *Lazaro v. Good Samaritan Hosp.*, 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999)). Accordingly, the Court declines to consider Plaintiff's arguments under the APA until the complaint is amended and the DOE has been afforded an opportunity to fully brief the issue. *See generally Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) (where matters outside the pleading are presented in response to a 12(b)(6) motion, a "court may exclude the additional material and decide the motion on the complaint alone."). However, Plaintiff is not granted leave to amend his claims under the ICCPR, Section 1028, the ADA, and the Fourteenth Amendment because amendment would be futile with respect to those claims. *See Ashmore*, 510 F. App'x at 49.

## IV. Conclusion

For the foregoing reasons, SLFC's and DOE's motions to dismiss Plaintiff's Amended Complaint are GRANTED.

Plaintiff is granted leave to file an amended complaint asserting any claims he may have under the Administrative Procedure Act, provided that he must do so on or before October 17, 2019. If no amended complaint is filed on or before October 17, 2019, this action will be dismissed with prejudice.

The Clerk of Court is directed to close the motions at Docket Numbers 13, 39, and 43, and to terminate Defendant Student Loan Finance Corporation as a party to this action.

SO ORDERED.

Dated: September 16, 2019
New York, New York

J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*